UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
*Orlando Division*

---

| | | |
|---|---|---|
| Arlette de Andrade | : | **Trial By Jury** |
| *Counter-Claimant,* | : | |
| Pro se / sui juris | : | |
| vs. | : | *Case No.:*   **12-cv-01054-PCF-DAB** |
| | : | |
| **US BANK, N.A.,** | : | *Judge's Name:*   **Patricia C. Fawsett** |
| as Trustee for J.P. Morgan Mortgage | : | |
| Acquisition Trust 2006-WF1; | : | *Magistrate's Name:*   **David A. Baker** |
| *Counter-Defendants* | : | |

_____/

# COMPLAINT & COUNTER - CLAIM

*Notice to Agent is Notice to Principal - Notice to Principal is Notice to Agent*

COMES NOW, the Counter-Claimant, **Arlette de Andrade**, *Pro se / sui juris*, who brings this action upon the court for the violations of The Federal Civil Rights Act of 1871, and who states and notices the court that there is nothing in the national or state Constitutions, or the laws derived from them, that can justify a violation of anyone's Civil and Constitutional Rights. At no time has there been any evidence presented in this matter to indicate that the Counter-Claimant, Arlette de Andrade has waived her Citizenship Immunity, neither is there evidence to justify that she has waived her Rights and Privileges of Equal Protection under the Law, nor is there any reason to subject her to Servitude or Slavery, without any prior occurrence of giving up her Citizenship due to the breaking any law. There are no circumstances, nor are there any justifications whatsoever for depriving a living person of their inherent, unalienable, and guaranteed right to due process of law, and consequently, in support thereof, Counter-Claimant, states the following:

1.  **Arlette de Andrade** is named as the Counter-Claimant filing this Complain & Counter Claim action, according to Federal Rule 13, and Requires Joinder of Parties as stated in Rule 19, in a civil action originally filed on April 15, 2009 by US BANK, N.A. as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WP1, as **Counter-Defendants,** via the *Counter-Defendants'* legal counsel, Emily L. Lang, Esq. and Jacqueline F. Kuyk, Esq., William A. Malone, Esq., and Christina Riley, Esq., of FLORIDA DEFAULT LAW GROUP, PL, in the Ninth Judicial Circuit Court in and for Osceola County, Florida, Case No. 49-2009-CA-004357 MF.

2.  Pursuant to Title 28 U.S.C. Chapter 89 § 1443, the Counter-Claimant, **Arlette de Andrade** is determined to file this Complaint & Counter-Claim, having had numerous acts of frauds and swindles, crimes and deception committed by *Counter-Defendants* in this matter, and due to the serious violations of the Counter-Claimant's Civil Rights, and has removed to this Court properly.  The Ninth Judicial Circuit Court in and for Osceola County, Florida lacks jurisdiction due the frauds and violations of the Counter-Claimant's Civil Rights. *A court "cannot confer jurisdiction where none existed and cannot make a void proceeding valid." - Gowdy v Baltimore and Ohio R.R. Company.: 385 Ill. 86, 92, 52 N.E. 2d 255 (1943).*

3.  Pursuant to Title 28 U.S.C. § 1446(d), written notice of this COMPLAINT & COUNTER-CLAIM will be provided to all adverse parties, and parties of interest, and a copy of this COMPLAINT & COUNTER-CLAIM will be filed with the Clerk of the Court of the Ninth Judicial Circuit Court in and for Osceola County, Florida.

4.  The filing of this COMPLAINT & COUNTER-CLAIM is timely, pursuant to Title 28 U.S.C. §b1446 (b).

## VIOLATION OF CIVIL RIGHTS

5.  In reference to the attached document "**Exhibit 1**", you will find a copy of the unlawful and un-Constitutional Order entitled ORDER ON DEFENDANT, ARLETTE DEANDRADE MOTION FOR HEARING AND MOTION FOR RULE 60, which was issued in the Osceola County Circuit Court by Senior Judge Robert J. Pleus, Jr., and which was filed into the lower tribunal case. Senior Judge Robert J. Pleus, Jr. is a retired judge, on "temporary duty", who was brought in from the Orange County Circuit Court, to the Osceola County Circuit Court to issue the above-referenced un-Constitutional Order. Counter-Claimant, **Arlette de Andrade** submits **Exhibit 1** into this Complaint & Counter-Claim as evidence of the unlawful and un-Constitutional nature of the Order issued by Senior Judge Robert J. Pleus, Jr., which blatantly violates her civil rights, and in support of such, "***the Court must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)***".   Said Senior Judge Robert J. Pleus, Jr., as a non-elected official, is in gross violation of the OATH that he has taken.

## WRONGFUL FORECLOSURE

6.  The attached document "**Exhibit A**" is a copy of the Mortgage which was submitted with the action, Summons and Complaint, which was signed and submitted into the record by Emily Lang, Esq., along with Jacqueline Kuyk, Esq., William Malone, Esq., and Christina Riley, Esq. Among numerous violations, these individuals have committed acts of fraud and swindles, forgery, counterfeiting, filing false documents into the public record, making false claims in regard to the "Lost Note", and have violated the civil rights of Counter Claimant Arlette de Andrade, pursuant to the Constitution of the United states of America, the Florida Constitution, the Bill of Rights, and the U.S.C. Each of the above-mentioned attorneys have also violated their OATHs. The Counter-Defendants' have not met the minimum burden of proof to establish standing and authority in this matter.

## FALSE CLAIM OF ORIGINAL COPY OF MORTGAGE

7.  On the Counter-Defendants' Complaint filed April 15, 2009, under COUNT 1 - Mortgage Foreclosure, Paragraph 3, they allege *"A copy of the original mortgage is attached hereto and incorporated herein as an Exhibit."* However, no copy of the TRUE and GENUINE Mortgage was attached to the Complaint, as falsely claimed. The attachment to the Complaint only reflected a <u>REDUCED SIZE</u> reproduction copy of the alleged Mortgage. A reduced-size copy of the alleged Mortgage does not qualify as a bona fide copy of the TRUE and GENUINE Mortgage *( Please refer to Black's Law Dictionary for definition of "TRUE" and "GENUINE").*

## NO ASSIGNMENT OF NOTE

8.  On the Counter-Defendants' Complaint filed April 15, 2009, under COUNT 1 - Mortgage Foreclosure, Paragraph 4, they allege *"Plaintiff is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage."* However, at no time whatsoever has an **ASSIGNMENT OF NOTE** ever been attached to the Complaint, nor has an Assignment of the Note ever filed into the public record, along with proper endorsements and allonges, in order to provide prima facie evidence and bona fide proof of their false claim. The lack of a bona fide Assignment has created a **broken chain of title**.

## CONTRADICTORY CLAIM #1 - REGARDING POSSESSION OF NOTE

9.  Although, on the Counter-Defendants' Complaint filed April 15, 2009, under COUNT 1 - Mortgage Foreclosure, Paragraph 4, they allege that *"Plaintiff is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage."* later in the Complaint, under Count II - Re-Establishment of Note, Paragraphs 15, and 18, <u>**contrary**</u> to their prior claim of now being the alleged holder of the *" ... Mortgage Note and Mortgage ... "* and then they later allege that *"Plaintiff was in possession of the Mortgage Note and entitled to enforce it when loss of possession occurred or Plaintiff has been assigned the right to enforce the Mortgage Note. (Plaintiff does not presently have a copy of the note, but is seeking to obtain a copy, and will file a copy with the Court when obtained.)"*.

This convoluted statement CONTRADICTS itself in that Counter-Defendants cannot claim that they are *"... now the holder of the Mortgage Note ..."* and then, in the same Complaint, later state that *"... loss of possession occurred ..."*. Counter-Defendants obviously cannot make **both** claims at the SAME TIME. *"Now"* refers to the present tense. Count II - Re-Establishment of Note, Paragraphs 15, and 18, are blatantly contradictory statements in and of themselves, and an impossibility.

## CONTRADICTORY CLAIM #2 - REGARDING LOST NOTE

10. Additionally, under Count II - Re-Establishment of Note, in Paragraph 18, Counter-Defendants alleges that *"Plaintiff was in possession of the Mortgage Note and entitled to enforce it when loss of possession occurred ..."* **OR** *"... Plaintiff has been assigned the right to enforce the Mortgage Note. (Plaintiff does not presently have a copy of the note, but is seeking to obtain a copy, and will file a copy with the Court when obtained.)"* This statement by the Plaintiff indicates an **"EITHER OR"** situation, indicating that the Counter-Defendants are unsure of which situation is in fact, true, if either situation is true at all. If the instrument was in fact in Counter-Defendants' possession, then they would be expected to have first-hand knowledge of how *"... loss of possession ...."* occurred.

### NO SEC FORM X-17F-1A TO REPORT THE LOST NOTE - RULE 17F-1:

If the **first** part of the above statement is true, then Counter-Defendants were required to file a Lost Note report with the S.E.C., SEC Form X-17f-1A, to report the alleged occurrence of the lost Note, indicating that the security instrument had been lost. However, no such instrument was ever filed or attached to the Complaint when it was filed. In **SEC Form X-17f-1A to report the lost Note - Rule 17f-1 –** Requirements for Reporting and Inquiry with Respect to Missing, Lost, Counterfeit or Stolen Securities, it states that a party claiming ownership of a lost note must file SEC Form X-17f-1A in order to report the lost note. No such report has been filed, or submitted by either Wells Fargo Bank, N.A., the servicer, Wells Fargo Home Mortgage, or US Bank, N.A. in regards to the subject Note.

*"No Florida case has ever held that a separate entity may maintain suit on a note payable to another entity unless the requirements of F.R.C.P. § 1.210(a) are met."*
- ***Concoran v. Brody***, 347 So.2d 689 (Fla. 4th DCA 1977)

**NO ASSIGNMENT OF NOTE:**     If the **second** part of the above statement is true, then Counter-Defendants were required, PRIOR to filing the action, to file an ASSIGNMENT OF NOTE into the public record/property record. No such Assignment of Note instrument has ever been filed into the public record/property record PRIOR to filing the action, nor has one ever been attached to the Complaint at the time it was filed.

## CONTRADICTORY CLAIM #3 - Counter-Defendants
## ADMIT TO SEEKING TO OBTAIN & FILE A **COPY**, NOT ORIGINAL

11.   Additionally, the THIRD part of this statement made by Counter-Defendants: *"... ( Plaintiff does not presently have a copy of the note, but is seeking to obtain a copy, and will file a copy with the Court when obtained. )"*   is one of the most outright frauds committed in this matter, as it states that they were  *" **seeking to obtain a COPY, and will file a COPY**..."*  however, the law requires that they have the **ORIGINAL** Note in their possession, not a **COPY**, and that the ORIGINAL is what must be filed into the action, **NOT** a **COPY**.

This admission by the Counter-Defendants is a violation of the national and state Constitutions' requirement of due process of law, and a violation of the Florida statutes which require the filer of a foreclosure action to have in its possession, **at the time of filing of the action**, the instrument that it claims to have the right to enforce, and then to file the **original** instrument into the docket.

## CONTRADICTORY CLAIM # 4 - THREE CONFLICTING CLAIMS

12.   Furthermore, under Count II - Re-Establishment of Note, Paragraph 18, Counter-Defendants once again makes another statement that is in direct contradiction to the following statement: "... ( *Plaintiff does not presently have a copy of the note, but is seeking to obtain a copy, and will file a copy with the Court when obtained.* )" with these two statements found under Count II - Re-Establishment of Note, Paragraph 20: "*At some time between April 7, 2006, and the present, the Mortgage Note has either been lost or destroyed and the Plaintiff is unable to state the manner in which this occurred. After due diligent search, Plaintiff has been unable to obtain possession of the Mortgage Note.* "

These statements: " ... *the Mortgage Note has either been lost or destroyed ...*" and " ... *Plaintiff has been unable to obtain possession of the Mortgage Note.*" are once again, in direct conflict with the prior statement made in Paragraph 18, Counter-Defendants  where they state "... ( *Plaintiff does not presently have a copy of the note, but is seeking to obtain a copy, and will file a copy with the Court when obtained.* )".

How can Counter-Defendants be "... *seeking to obtain a copy, and will file a copy ...*" of an instrument that has been "... *lost or destroyed ...*" by a means that Counter-Defendants are clearly admitting to having no first-hand knowledge of?   This statement is misleading the court to believe that they are "... *seeking to obtain a copy ....*" of the Note, while at the same time they are stating that it is " ... *lost, or destroyed ....*", or that they are "... *unable to obtain possession ...*" of it.   How can all three statements be true?   Obviously, all three statements **cannot** be true, thereby Counter-Defendants  have committed a fraud upon the court.

And last, in regard to COUNT II - - Re-Establishment of Note, in Paragraph **20** Counter-Defendants state the following:   "... *After due diligent search, Plaintiff has been unable to obtain possession of the Mortgage Note.*"   However, under COUNT 1 - Mortgage Foreclosure, Paragraph 4, Counter-Defendants allege that "*Plaintiff is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage.*"  COUNT 1 - Paragraph 4 is obviously a false statement due to the fact that in Paragraph **20** Counter-Defendants clearly indicate that they are "... *unable to obtain possession of the Mortgage Note.*"

In light of these numerous, outright fabrications and contradictions, the court cannot do otherwise but render the Complaint, as filed into this matter in the lower tribunal, **NULL AND VOID**, based upon the prima facie evidence and its own outrageous declarations filed into the record.

### NO ENFORCEMENT OF LOST INSTRUMENT

13.   In light of the fact that Counter-Defendants failed to timely file an "Enforcement of Lost Instrument", nor act on it by having a proper hearing for the "Enforcement of Lost Instrument", the Counter-Defendants' time of limitation ran out.  Hence, they could not proceed in that manner.

### US BANK, N.A. NEVER REGISTERED AS FLORIDA CORPORATION

14.   Upon perusal of the Florida Secretary of State's website, and www.Sunbiz,org, the records indicate that Counter-Defendants, **US BANK, N. A.** has never been registered in the state of Florida, and as a result, at the time of filing subject action in this matter, it did not have standing or authority to file suit in the state of Florida.

## JUDGE TESTIFIED AS WITNESS

15. Shortly before the hearing that was scheduled on January 14, 2010, the Counter-Defendants filed an alleged "Original Mortgage Note & Mortgage", without prior notice to Counter-Claimant Arlette de Andrade.  Providing sufficient notice to Counter-Claimant, prior to the hearing,  would have allowed her ample time to schedule an appointment with the Clerk of the Court to view said alleged "Original Mortgage Note & Mortgage" to determine its authenticity. However, that was not the case, and Counter-Claimant Arlette de Andrade was never allowed to view the instrument filed into the docket prior to the 5-minute hearing.

During the brief hearing, one of the many objections that Counter-Claimant Arlette de Andrade stated to original Judge Margaret Waller was that the Counter-Defendants had refused to produce the original, wet-ink Note, and had failed to answer numerous requests for information, validation and verification of the alleged debt, via at least three (3) Qualified Written Requests sent to the "lender" and servicer which were outrightly ignored.   When Counter-Defendants replied that "they didn't have to", Judge Waller simply repeated that same statement back to Counter-Claimant.

Additionally, when Counter-Claimant asked to be allowed to verify the authenticity of the alleged "Original Mortgage Note & Mortgage" which had just been filed into the docket without her prior notification, her request was denied, as Judge Waller stated that "we were out of time" (Only 5 minutes had been allotted for the hearing). Then Judge Waller, while having the alleged original instrument tucked underneath her crossed forearms,  turned to Counter-Claimant Arlette de Andrade and declared, "I have the original Note right here, this is it."

When Counter-Claimant asked to verify that it was the original, Judge Waller declared that Counter-Claimant would have to "make an appointment with one of the clerks to see it later" under supervision of a clerk, and stated that Counter-Claimant would not be "allowed to touch it", but only to look at it.  In spite of Counter-Claimant fervent objections, Judge Waller  became obviously angry with Counter-Claimant, and continued to press forward and issued a Summary Final Judgment.

Later, upon review of the alleged "Original Note & Mortgage" under  the "supervision" of a clerk, Counter-Claimant discovered that the alleged original instrument was an utterly forged and fraudulent document.   In light of this fraud and the many other frauds and crimes committed in the matter, Counter-Claimant  Arlette  de Andrade then filed an Appeal, and several criminal complaints.

## OBSTRUCTION OF JUSTICE

16.  After months of waiting for an opportunity to have the matter heard in the court of Appeal, Counter-Claimant Arlette  de Andrade was never allowed to have the merits of her case heard before the court.

Additionally, in spite of numerous verbal and written requests from Counter-Claimant Arlette  de Andrade to the Clerk of the Appeals court for the name or names of the Judges assigned to her case who were issuing the Orders and or denying her Motions, the clerk refused to  provide them to her.

However, a MANDATE for a Re-Hearing was issued from the Fifth District Court of Appeal of Florida to the lower tribunal.

Although Counter-Claimant  Arlette de Andrade made numerous requests for the lower tribunal to schedule a re-hearing and for hearings to have her outstanding motions heard on the outright frauds and crimes that were occurring in the matter, Judge Waller and all the latter subsequent Judges assigned to Counter-Claimant's case, with one exception, continuously refused to provide a hearing to the Counter-Claimant in order to hear the outstanding Motions, to address the issues of fraud upon the court, and to provide an evidentiary hearing on the facts of the matter and the merits of the case.

Additionally, the Judges and their judicial assistants did not provide the Counter-Claimant Arlette  de Andrade, with proper assistance in her attempts to obtain Court Hearing dates.

Even after one of the latter judges, the Honorable Ronald LeGendre, finally issued Counter-Claimant a hearing on the outstanding motions, about one month later, one of the judicial staff later cancelled the hearing date without ever attempting to contact Counter-Claimant Arlette de Andrade, prior to doing so.  Counter-Claimant Arlette de Andrade objected to cancellation of Hearing and demanded that her numerous outstanding Motions be heard, prior to closing out her case, but was denied her right to due process of law.

It was shortly thereafter, that Senior Judge Robert J. Pleus, Jr. was brought in from the adjoining county court to issue his unlawful and Un-Constitutional Order in violation of Counter-Claimant Arlette de Andrade's civil rights to defend herself, to face her accusers, and to due process of law.   *See Constitution for the united States of America, and its Bill of Rights.*

17. As a result of these unlawful actions, Counter-Claimant Arlette de Andrade brings this action pursuant to the following:

*18 §241  (Conspiracy against rights);*

*18 §242  (Deprivation of rights under color of law);*

*42 §1981  (Equal rights under the law);*

*42 §1982  (Property rights of citizens);*

*42 USC § 1983  (Civil Action For Deprivation Of Rights);*

*42 §1985  (Conspiracy to interfere with civil rights);*

*42 §1986  (Action for neglect to prevent);*

*42 §1987 (Prosecution of violation of certain laws);*

*42 §1988  (Proceedings in vindication of civil rights);*

*42 §1989  (United States magistrate judges; appointment of persons to execute warrants);*

*42 § 5532 (c)  (Fraudulent concealment);*

*28 USC § 1443 - (Civil Rights Cases) ;*

*Title 18 USC § 2  - (Principals);*

*Title 18 USC § 4 - (Misprision of felony);*

*Title 18 USC § 6  - (Department and agency defined),*

*Florida Statutes, Title XLIV, Chapter 760/ 760.021 -*
*(Discrimination In The Treatment Of Persons; Minority Representation, Civil);*


*Additionally, Counter Claimant INVOKES the jurisdiction of this Court pursuant to Amendment IV, Amendment V,  Amendment VI,  Amendment XIII  and Amendment XIV.*  At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this Court.

## ADDITIONAL VIOLATIONS IN THE CASE:

- **Title 18 USC section 1341 - Frauds and Swindles.**

- **Title 18 USC § 475 - Imitating obligations or securities; advertisements.**

- **Title 18 USC § 474 - Plates, stones, or analog, digital, electronic**

- **Title 18 USC § 473 - Dealing in counterfeit obligations or securities**

- **Title 18 USC § 472 - Uttering counterfeit obligations or securities**

- **Title 18 USC Chap. 96, § 1962 ( RICO ) - Prohibited Activities.**

- **18 U.S.C. §§ 371** (Conspiracy), 1001, 1011, 1018, 1341- 1349 (Mail fraud), 1951(Hobbs Act), 1961-1968 (Rico Act).

- **15 U.S.C. §1692e**

- **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

- **VIOLATION OF FAS 140-3**

- **NOTARY FRAUD – ROBOSIGNERS** - Notary/Attorney Erin Cullaro's signature is a fraud, and the "Affidavit as to Reasonable Attorney's Fees" indicates additional notary fraud; as are the false affidavits of amounts owed filed into action;

- **PLAINTIFF HAS NOT MET THE MINIMUM BURDEN OF PROOF;**

- **BREACH OF CONTRACT and FIDUCIARY DUTY**: for refusal to provide answers to the Qualified Written Requests, and Inquiries, and to provide "Borrower" with a copy of the file showing complete and accurate statements and records of the entire loan account, including any and all assignments, transfers, and parties to loan;

- **RESPA VIOLATIONS**

- **PLAINTIFF IS 3rd PARTY TRESPASSER:**   Counter-Defendant US BANK, NA. is clearly acting as a trustee in this action for an entity that is not named in either the Mortgage or Note, and is therefore a 3rd party trespasser in the matter.

- **TILA VIOLATIONS** - All signatures and power of Attorney on the instruments were rescinded due to, but not limited to, fraud, bifurcation, and breach of fiduciary duty

- **US BANK IS NOT THE GENUINE CREDITOR** but rather a Fictitious Payee;

- **NO ASSIGNMENT OF NOTE ON RECORD CREATES A CLOUD ON TITLE** - due to the fact that the note was separated from the mortgage, then the bifurcation of the mortgage and note makes it NULL & VOID, and unenforceable by definition;

- **VIOLATION OF F.R.C.P. 1.210(a):**  No Florida case holds that a separate entity may maintain suit on a note payable to another entity unless the requirements of F.R.C.P. 1.210(a) are met. ***Concoran v. Brody***, 347 So.2d 689 (Fla. 4th DCA 1977).

- **PREDATORY LENDING PRACTICES:    NON-DISCLOSURE AND DECEPTIVE PRACTICES - UCC 3-305:**  Pursuant to contract law, banking and financial regulations, and UCC 3-305, the fact that the original transaction in the matter was funded by the securitization of the instrument, and the prospective property (collateral), and the signor's signature on the promissory note, as if the property and the Note already belonged to the bank / broker / lender, was never disclosed to the "Borrower".

Pursuant to UCC 3-305, this deceptive practice was never disclosed to Counter-Claimant prior to, or at the time of, the closing.   "Lender" bank securitized the instrument, used the promissory NOTE, as money, to create the cash reserve which was then used to validate the bank check issued on the face amount of the promissory NOTE, at no cost to the bank, without NOTICE to the signor of the promissory NOTE, and without fully disclosing these facts and aspects of the transaction, the bank committed a DECEPTIVE PRACTICE, FRAUD.

- **PLAINTIFF'S ALLEGATIONS THAT IT HAS NOT BEEN PAID ARE FALSE** and is easily ascertainable due to the fact that the property became part of a larger investment package as part of a Pooling and Servicing Agreement.

- **NO RIGHT TO ENFORCE:**   There was no evidence presented of an endorsement, either by US Bank, NA, JP MORGAN TRUST, or on Order of a court.  Therefore, the evidence presented proved that Plaintiff was **not** entitled to enforce the promissory note against Counter-Claimant;

- **VIOLATION OF FCCPA:**   The Florida Consumer Practices Act (FCCPA, F.S. § 559.552) provides protection for consumers in foreclosure.  The FCCPA prohibits the Plaintiff from collecting the underlying consumer mortgage debt involved in this action by asserting its right to foreclose when the Plaintiff knows that such right does not exist due to the fact that Plaintiff did not comply with the applicable federal default servicing obligations and guidelines prior to filing this foreclosure action.

- **UNCLEAN HANDS / ESTOPPEL:**   Plaintiff did not have the right to file this Complaint because it didn't own or hold the Note and Mortgage, nor did it have authority to enforce the Note and Mortgage.  The Plaintiff's unclean hands result from the Plaintiff's intentional and reckless failure to properly service this mortgage pursuant to the applicable federal regulations and the contract between the parties before filing this foreclosure action.   Plaintiff intentionally failed to answer Defendant's repeated requests for information, accounting, and full disclosure of the alleged loan transaction.

- *Johnson v. Waters*, 111 U.S. 640, 667, 28 L. Ed. 547, 4 S. Ct. 619 (1884).  (*Where fraud is found, the party that used fraud should be deprived of the benefit of the judgment and any inequitable advantage gained and the courts should not forfeit truth for the sake of finality, nor let the technical intricacies of the law obscure their just administration and the expectation of justice OR LOWER THE BAR TO THE FINANCIAL INSTITUTIONS.*)

## CHALLENGE OF JURISDICTION

18. US BANK, N.A. as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WP1, being the Plaintiffs/Counter-Defendants, and Emily L. Lang, Esq., Jacqueline F. Kuyk, Esq., William A. Malone, Esq., and Christina Riley, Esq., of FLORIDA DEFAULT LAW GROUP, PL, which has now changed its name to ROBERT R. WOLFE & ASSOCIATES, PL, being the Counter-Defendants' Legal Counsel, have committed numerous acts of fraud, and swindles, Civil Rights Violations, and Constitutional Violations.   The Jurisdiction in this matter has been challenged as a necessary requirement of due process of law.

19. Pursuant to Article III Section 2 of the Constitution of the United States of America, as amended in 1791, with the Bill of Rights, the Constitution is declared as the Supreme Law of the Land.   In this instant matter, the lower courts failed to conform to and function pursuant to this specific Article of the Constitution, by ensuring that the matter involving the Counter Claimant be presented and heard in a fair, lawful and un-biased judicial proceeding, conducted in a proper venue thereof.  Thereby the lower court should have ensured the lawful deciding of this matter, via trial by jury, in order that justice and due process of law be preserved. - See *Johnson v. Zerbst, 304 U.S., 458, 468. "If the Bill of Rights is not complied with, the court no longer has jurisdiction to proceed.   The judgment ... pronounced by a court without jurisdiction is void ...".*

20. Judge Robert J. Pleus, Jr., while acting as Senior Judge, in the Ninth Judicial Circuit Court, in contradiction to Article VI Section 2 of the National Constitution, has perjured his sworn and subscribed Official Oath by his actions on the record, and has thereby made the court Constitutionally Defective and without lawful authority to render any decision, in open court and on the record, by failing to ensure that:

a.   The lower tribunal proceeding was conducted in a court that conforms to and functions in accordance with Article III Section 2 of the Federal Constitution, as the only court that can hear matters of the People. - *See **Cooper v. Aaron**, 358 U.S. Ct. 1401, 3 L. Ed. 2d 5 (1958) **"State government officials are bound to comply with Supreme Court rulings and court orders based upon the Supreme Court's interpretation of the Constitution. The United States Constitution is the Supreme Law of the Land per the Supremacy Clause of Article VI. In Marbury v. Madison, the Federal Judiciary was declared the Supreme Authority with respect to Constitutional interpretation. Marbury v. Madison has been respected by this Court and the nation as a permanent and indispensable component of the American constitutional system of government.***"

b.   In deciding and ruling on the Motion for Summary Final Judgment in this instant matter, that it was done impartially and without bias. - *See **Rook v. Rook**, 233 Va 92, 95, 353 SE2d 756, 758 (1987) **"A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction"***. The judges in this matter, including Judge Margaret Waller, and Senior Judge Robert J. Pleus, Jr., by their own actions, allowed the foregoing Constitutional failures and allowed fraud to be placed upon the court, thereby leaving the court in want of subject matter jurisdiction at minimum, and repeatedly so.   These failures of the court by said Judges' own actions, which are in contradiction to those of their sworn Oaths and in direct opposition to the mandates of the National Constitution and established Rules of Procedure and Evidence, thereby rendered the court Constitutionally defective and without Lawful Jurisdiction.

*- See State v. Sutton, 63 Minn. 147 65 NW 262 30 ALR 660, "When any court violates the clean and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it."*

*- See : World Wide Volkswagon v. Woodsen. 444 U.S., 286. 291. "A judgment rendered in violation of due process is void."*

*- See : Johnson v. Zerbst, 304 U.S., 458, 468. " If the Bill of Rights is not complied with, the court no longer has jurisdiction to proceed.   The judgment ... pronounced by a court without jurisdiction is void...".*

21.  Due to the unlawful and un-constitutional Order issued by Judge Robert J. Pleus, Jr., the Counter-Claimant, Arlette de Andrade has been unable to submit an Objection to the unlawful and un-Constitutional Order, as all of the clerks of the lower court have been informed to reject any and all filings that I may attempt to submit into my case. Neither is Counter-Claimant, Arlette de Andrade allowed to request a Hearing on the issue.

Counter-Claimant, Arlette de Andrade cannot comprehend how such an unlawful and un-Constitutional Order can be permitted, in gross violation of the national and state Constitutions and Laws.   As such, pursuant to Title 18 § 2382, Counter-Claimant, Arlette de Andrade calls upon this honorable court and requests revocation of Judge Robert J. Pleus, Jr.'s unlawful Order, and Judge Waller's erroneous summary judgement.

A simple perusal of newspaper, television, radio, and internet media will indicate that there is no doubt of the consistent patterns of the wrongful foreclosure rulings throughout our counties, our state of Florida, and the nation as a whole.

A review of a history of their foreclosure rulings indicates that Judge Pleus and Judge Waller have both consistently acted in a biased and inappropriate manner in regard to the numerous foreclosure cases in the Ninth Judicial Circuit for which they have ruled in favor of the Plaintiffs, in direct violation of his Oath and Constitutional principles.

For reasons beyond sensibility, the Judges in this matter, in regard to their outright denial of justice, civil rights, and due process of law, are acting with serious lack of judgment and discretion. The Judges have continuously denied the Counter-Claimant, Arlette de Andrade's Motions and requests for Hearings, despite the obvious and serious evidences of fraud and corruption in this matter. The Judges have not allowed the Counter-Claimant, Arlette de Andrade to speak in her own defense, as she is entitled to, by law. However, the judges have continually  displayed open bias, and granted all or nearly all of the Plaintiffs/Counter-Defendants motions and pleadings, allowing the Counter-Claimant,  Arlette de Andrade's Civil Rights to be blatantly violated.

22.  The Counter-Claimant, Arlette de Andrade requests that this Honorable Court enter an Order protecting said property, from theft by the Plaintiffs/Counter-Defendants and their Legal counsel, and to issue a decree to the lower Court, that the Counter-Claimant, Arlette de Andrade holds and maintains superior interest in said property.

23.  The contention that the law provides no effective remedy for such a deprivation of rights affecting life and liberty, it may well be said — as in *Mooney v. Holohan*, 294 U.S. 103, 113 — that it *"falls with the premise*." To deprive a citizen of his only effective remedy would not only be contrary to the "rudimentary demands of justice" [21] but destructive of a constitutional guaranty specifically designed to prevent injustice.

## MEMORANDUM OF LAW

The elemental foundations and purpose of a Summary Judgment Hearing must be complied with and upheld pursuant to Rule 56(c).   -  *See Celotex Corp. v. Catrett,* *477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), "Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. "*

Congress, by its words and meaning, enacted the Civil Rights Act of 1871 and that meaning included that judges are to be held responsible to an injured plaintiff for the deprivation of Constitutional Rights.   Any judge making a case finding to the contrary is hereby challenged as unconstitutional and unlawful.   No Court has ever challenged the Constitutionality of the Civil Rights Act of 1871, and therefore said Congressionally-enacted legislation stands as law.   The only way to change an act of Congress is by an act of Congress.   No judge can change it, and any such findings and changes are not to be upheld in Federal Courts as lawful.   No changes in the wording have ever been made to Title 42 U.S.C. 1981, 1985, 1986 and 1988, and therefore these Congressionally-enacted laws are enforceable in the Federal Courts. The only change made to Title 42 U.S.C. 1983 took place in 1979.   At this time the words "or the District of Columbia" were inserted following "Territory".   If any judges, or persons representing judges, had wanted to make a change this would have been an opportune time to do so.   No action was ever taken to change the wording of the law and it remains as such today.

Judges are not immune for their non-judicial activities, i.e., activities which are ministerial or administrative in nature."   *Santiago v. City of Philadelphia*, 435 F. Supp. 136.

"It is the duty of the courts to be watchful for CONSTITUTIONAL RIGHTS of the citizen, against any stealthy encroachments thereon." *Boyd v. U.S.*, 116 US 616, 635, (1885).

"The judicial branch has only one duty --- to lay the article of the Constitution which is involved beside the statue which is challenged and to decide whether the latter squares with the former . . . the only power it (the Court) has . . . is the power of judgment." *U.S. v. Butler*, 297 US (1936).

**WHEREFORE,** due to the fact that the law and the facts are clear and unambiguous regarding the magnitude of the void in this ruling, in the interest of upholding justice, and in keeping with lawful precedent, and to ensure that all of her civil rights are not further violated, the Defendant/**Counter-Plaintiff**, Arlette de Andrade, respectfully prays and moves this Honorable Court to grant this Counter Claim, and all such other and further relief as this Court deems just and proper under the above circumstances.

Dated this _17th_ day of _____ *July* _____ , 20 _12_

*Reserving all of my rights,*

by: _____

**Arlette de Andrade,** *Counter-Claimant, Pro se ( sui juris )*

c/o *corresponding postal service address:*
2344 Pleasant Hill Road
Kissimmee, Florida [34746]

*Telephone:* **(407) 201-4154**        *Fax: (877) 711-9324*

## CERTIFICATE OF SERVICE

On this ___17th___ day of ___July___, 20 _12_, I, Counter-Claimant, Arlette de Andrade, certify that service of this COMPLAINT & COUNTER-CLAIM will be made upon the Clerk of the Court of the Ninth Judicial Circuit Court in and for Osceola, County, Florida, via hand-delivery or U.S. Postal service, and to the following parties, by sending a copy via U.S. Postal service.

ROBERT R. WOLFE & ASSOCIATES, PL
4919 Memorial Highway, Suite 200
Tampa, Florida  33634
Attn:   Emily L. Lang, Esq.,
          William A. Malone, Esq.,
          Jacqueline F. Kuyk, Esq.

Clerk of the Circuit Court
9th Judicial Circuit Court
in and for Osceola County, Florida
2 Courthouse Square
Kissimmee, Florida  34741

by: _____

**Arlette  de Andrade**, *Counter-Claimant, Pro se ( sui juris )*

*c/o corresponding postal service address:*
2344 Pleasant Hill Road
Kissimmee, Florida  [34746]

*22 of 22*