**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**US BANK NATIONAL ASSOCIATION,**
as Trustee for J.P. Morgan Mortgage
Acquisition Trust 2006-WFI,

            **Plaintiff,**

-vs-                                  **Case No. 6:12-cv-1054-Orl-28DAB**

**ARLETTE DEANDRADE, ET AL.,**

            **Defendants.**
_____/

### ORDER ON MOTIONS AND ORDER TO SHOW CAUSE

This cause came on for consideration without oral argument on the following motions filed herein and on the Court's review of the file:

> **MOTION:** **REQUEST FOR CORRECTION AND AMENDMENT OF FEDERAL COURT DOCKET (Doc. No. 15)**
>
> **FILED:** July 17, 2012
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

> **MOTION:** **CORRECTION AND AMENDMENTS TO TITLE OF NOTICE OF REMOVAL (Doc. No. 16)**
>
> **FILED:** July 17, 2012
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

According to the docket and the *pro se* Defendant Arlette de Andrade's "Notice of Removal" (Doc. No. 1), de Andrade seeks removal of a mortgage foreclosure complaint filed in state court on April 15, 2009 (Doc. Nos. 1, 2). A review of the state court public records reveals that the foreclosure action has been litigated through final judgment, and, prior to filing the Notice of

Removal, a Certificate of Title has been issued following the sale of the property to Plaintiff. In her Notice of Removal, de Andrade moves for "relief from judgment in this matter." As the Court sees no basis for jurisdiction over this matter, de Andrade is **ORDERED TO SHOW CAUSE** in writing, within fourteen days of the date of this Order, why this action should not be remanded to state court.

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321.

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 427 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

Procedurally, removal is governed by Title 28 U.S.C. § 1446. The removal provisions of Title 28 were among the provisions amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Under the most recent version of the statute, applicable here:

> 1)The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (2012). The Act also provides:

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3) (2012).

> (c) Requirements; removal based on diversity of citizenship.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. §1446 (c)(1) (2012).

According to the Act, "an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." Pub. L. No. 112-63, § 105(d), 125 Stat. 758 (codified as amended at 28 U.S.C.A. § 1332). Under Florida law, commencement of a civil action occurs when the complaint is filed. *Jones v. Fort Dodge Animal Health,* 2006 WL 1877103 , *3 (N.D. Fla. 2006), *citing* Fla. R. Civ. P. 1.050; *see also Theodorou v. Burling*, 438 So.2d 400 (Fla. 4th DCA 1983).

Applied here, it is plain that removal was improper. To the extent de Andrade purports to remove the mortgage foreclosure complaint, such removal is untimely as it occurred years after the commencement of the action. *See* 28 U.S.C. § 1446(b)(1). Moreover, the mortgage foreclosure

complaint does not present a federal question and, assuming removal is attempted to be predicated on diversity jurisdiction,[1] such removal is barred under the one year limit of 28 U.S.C. §1446 (c)(1). Even if removal was timely and appropriate (which it is not), the Court has no jurisdiction to relieve Plaintiff from a judgment rendered in a court of competent jurisdiction.  To the extent de Andrade purports to challenge the final decision of the state court in the foreclosure proceeding, she runs afoul of the *Rooker-Feldman* doctrine, which provides that no federal court other than the United States Supreme Court may conduct an appellate review of a state court decision unless Congress specifically permitted it to do so.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Finally, as the public record reflects that a judgment has been rendered in the state court proceeding, there is no active complaint to remove.

As removal appears unavailable as a matter of law, de Andrade is **ordered to show cause,** in writing, within 14 days of the date of this Order, why the action should not be remanded for lack of jurisdiction.  Failure to timely respond to this Order may result in remand without further notice.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court finds no showing that diversity jurisdiction is present. Moreover, assuming de Andrade is a Florida citizen, removal is also improper under 28 U.S.C. § 1441(b)(2).