# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**US BANK NATIONAL ASSOCIATION,**
as Trustee for J.P. Morgan Mortgage
Acquisition Trust 2006-WFI,

        **Plaintiff,**

**-vs-**                                      Case No. 6:12-cv-1054-Orl-19DAB

**ARLETTE DEANDRADE, ET AL.,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S AMENDED MOTION FOR REMAND AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 22)**
>
> **FILED:** August 3, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**Background**

As set forth in the Motion and in the Court's Order to Show Cause (Doc. 20), on April 15, 2009, Plaintiff filed the complaint in this action in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, seeking to foreclose on a residential Mortgage and Note executed by Defendant, Arlette De Andrade ("Defendant"). A review of the state court public records reveals that the foreclosure action has been litigated through final judgment, and, prior to filing the Notice of

Removal, a Certificate of Title has been issued following the sale of the property to Plaintiff. On July 9, 2012, more than three years after the commencement of the action in state court, Defendant filed her Notice of Removal, seeking "relief from judgment in this matter." (Doc. No. 1). Seeing no basis for jurisdiction over this matter, the undersigned issued an Order to Show Cause why this action should not be remanded (Doc. No. 20). The instant motion seeking remand shortly followed. No response has been filed by Defendant. For the reasons set forth herein, it is **respectfully recommended** that the motion be **granted,** the case be **remanded to state court,** and an award of fees in the amount of $750 be made for the improvident removal.

### Standard of Review

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 427 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). A district court also has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**Issues and Analysis**

In the show cause Order, the Court noted numerous deficiencies,[1] and Plaintiff has moved for remand based on untimely removal.

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007). Procedurally, removal is governed by Title 28 U.S.C. § 1446. The removal provisions of Title 28 were among the provisions amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Under the most recent version of the statute, applicable here:

> 1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (2012). The Act also provides:

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the

---

[1] In its motion, Plaintiff correctly notes that some of the defects identified by the Court are procedural defects that are waivable, and do not subject a complaint to *sua sponte* remand. The Court is, of course, aware of this. The show cause Order, however, was not premised solely on procedural defects, but noted that "even if removal was timely and appropriate," other substantive defects (the lack of an active complaint to remove, the *Rooker/Feldman* preclusion, the absence of subject matter jurisdiction to provide the relief sought) make removal "unavailable as a matter of law." In any event, as Plaintiff has since moved for remand, the point is moot.

> defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3) (2012).

> (c) Requirements; removal based on diversity of citizenship.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. §1446 (c)(1) (2012).

According to the Act, "an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." Pub. L. No. 112-63, § 105(d), 125 Stat. 758 (codified as amended at 28 U.S.C.A. § 1332). Under Florida law, commencement of a civil action occurs when the complaint is filed. *Jones v. Fort Dodge Animal Health,* 2006 WL 1877103, *3 (N.D. Fla. 2006), *citing* Fla. R. Civ. P. 1.050; *see also Theodorou v. Burling*, 438 So.2d 400 (Fla. 4th DCA 1983).

Applied here, Defendant missed the thirty day deadline by several years and, as Plaintiff has timely objected to the removal pursuant to 28 U.S.C. § 1447(c), the case must be remanded.

In addition to procedural deficiencies, there is no showing that the Court has subject matter jurisdiction over this case. The mortgage foreclosure complaint does not present a federal question and there is no showing sufficient to establish diversity jurisdiction.[2] As the preponderance of the evidence does not establish Defendant's right to removal, the matter must be remanded. *Williams*, 269 F.3d at 1321.

---

[2] Indeed, assuming Defendant is a Florida citizen, removal of this matter allegedly based on diversity jurisdiction would be improper under 28 U.S.C. § 1441(b)(2), and would run afoul of the one year limit of 28 U.S.C. §1446 (c)(1). On the present record, there are no factual assertions sufficient to establish the requirements of 28 U.S.C. § 1332, in any event.

In addition to remand, Plaintiff requests an award of fees for the improvident removal. Title 28 U.S.C. § 1447(c) provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed 2d. 547 (2005); *see also Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir.2006). The Eleventh Circuit has affirmed fee awards for improvident removal where the defendant failed to demonstrate a reasonable basis for the removal. *See, e.g.,Devine v. Prison Health Services, Inc.*, 212 Fed. Appx. 890 (11th Cir. 2006) (affirming district court award of fees "where the complaint asserted no federal question on its face and [defendant] failed to provide a reasonable argument in support of diversity jurisdiction"); *Rae v. Perry,* 392 Fed. Appx. 753, 756 (11th Cir. 2010) (affirming award of fees, noting: "Perry failed to present evidence that showed by a preponderance of the evidence that the compensatory and unspecified damages in the complaint, including punitive damages and attorneys' fees, alone or combined, met the jurisdictional amount. Perry's calculations were based on his own speculation, and therefore, were not objectively reasonable."); *Gonzalez v. J.C. Penney Corp.,* 209 Fed. Appx. 867 (11th Cir. 2006) (affirming award of attorney's fees).

Applied here, the Court sees no objectively reasonable basis for removal. The case has a long history in state court, Defendant asserts no basis for this Court's jurisdiction over this complaint, and the complaint has already been adjudicated through judgment, leaving nothing to remove. The Court finds Defendant lacked an objectively reasonable basis for removal of this complaint, and an award of fees is appropriate.

Although there is no evidence as to the amount of the fee, the Court relies on its own expertise in setting a fee, and finds $750.00 to be an appropriate award. This reflects three hours of work at a conservative rate of $250. This amount is a "fair measure of recompense to avoid the need for further submissions by the parties to establish a more precise amount, the cost of which would likely exceed any benefit to be achieved." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 2010 WL 4941666 (M.D. Fla. 2010); *report and recommendation adopted*, 2010 WL 4941445 (M.D. Fla. Nov 29, 2010), *affirmed*, 436 Fed.Appx. 888, 894 (11th Cir. 2011).

**Conclusion**

For the reasons set forth above, it is **respectfully recommended** that the motion be **granted** and the case be **remanded** to the state court from which it was removed, and that Plaintiff be awarded fees for Defendant's improvident removal of the case, in the amount of $750.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 22, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy